THOMAS WILCOXON *v.* THOMAS MASKELL.

In an hypothecary action against a third possessor, Articles 69 and 70 of the Code of Practice, and Article 3365 of the Civil Code, require no other formality than the plaintiff's affidavit that he had demanded payment of his debtor thirty days before presenting his petition for an order of seizure and sale.

APPEAL from the District Court, Parish of St. Mary, *Voorhies,* J. *J. H. Lewis* and *Olivier,* for plaintiff. *Maskell,* for defendant and appellant.

ROST, J. This is an appeal from an order of seizure and sale sued out against the defendant, who is a third possessor.

There is no evidence of any kind to show a demand from the original debtor thirty days previous to the institution of the proceedings.

The defendant, in the sale to him, has assumed the payment of the note, but the assumption is made on conditions which have not been fulfilled ; and no

demand was made of him before the seizure. Under the ruling of the case of *Valetti* v. *Gurlie*, 15th Louisiana, 189, the appellant is entitled to relief.

It is ordered, that the order of seizure and sale appealed from be set aside, and that the plaintiff pay the costs of this appeal and all costs in the District Court since the filing of the petition.

*Olivier*, for plaintiff, applied for a re-hearing:

In the above entitled case, the plaintiff and appellee moves this honorable Court for a rehearing, and begs leave most respectfully to assign the reasons which induce him to make the motion.

The Code of Practice, article 70, provides that: "the creditor who brings this (the hypothecary) action, must declare on oath, in his petition, that the debt, for which he demands the seizure of the hypothecated property, is really due to him, *and that he has in vain demanded payment from his debtor, thirty days previous to his bringing his suit.*" In the case of *Smith's heirs* v. *Blunt*, 2 L. 135, and in *Gravier* v. *Bacon*, 4 L, 240, the Supreme Court held, that it is only in the *executory*, and not in the ordinary proceeding, that the affidavit, mentioned in the article above quoted, is necessary or required. If this doctrine is correct, and I do not see how it can be controverted, it follows necessarily that the oath taken by the plaintiff is to be taken as affording full proof of what is therein sworn to. If the affidavit is required only when the creditor proceeds in the *via executiva*, it appears to me most clear, that the intention of the law maker was to enable the creditor, under the responsibility of his oath, to proceed by seizure and sale against the mortgaged property in the hands of the then possessor, without subjecting him to the necessity of procuring additional evidence to establish the amicable demand on the original debtor. If it were otherwise, I confess, in all humility, that I cannot understand why it should be required. If it proves nothing, require it not.

It is not my province to inquire whether the law which enables a party to make evidence for himself, by means of his oath, is reasonable or unwise. I take the law, such as I find it written, and respectfully ask that it be applied to the case.

In the case cited by the Court, 15 L. 189, which was an injunction suit, the defendant, *Gurlie*, had proceeded against the plaintiff in injunction, not as a third possessor, but had treated him as his immediate debtor, and no affidavit, alleging the amicable demand on the original debtor, for aught that appears, was annexed to the petition. Such is not the case here; *Maskell* was proceeded against as third possessor. See plaintiff's petition and affidavit annexed.

The plaintiff and appellee, therefore, most respectfully prays that this honorable Court may reconsider the opinion delivered on yesterday, and that final judgment may be rendered in favor of the plaintiff.

A rehearing having been granted, the judgment of the Court was pronounced by

OGDEN, J. In this case a rehearing was granted by the former Supreme Court, and the case is now presented for our decision. The only point involved in the case is whether the plaintiff's affidavit that he had demanded payment of a mortgage debt thirty days before presenting his petition, is sufficient to authorize an order of seizure and sale in an hypothecary action against a third possessor. Articles 69 and 70 of the Code of Practice and 3365 of the Civil Code seem to us to require no other formality than this, and the plaintiff fully complied with it. The question is presented by an appeal from the order of seizure and sale, and assignment of the want of proof in the record of the demand, as error. No other proof than by the plaintiff's affidavit is required by law. Other matters of defence are set up which could not be brought before this Court on an appeal from this order of seizure and sale. We can only notice error in the judgment, apparent on the face of the record, and no other has been assigned but the one above mentioned.

WILCOXON
v.
MASKELL.

It is, therefore, ordered that the judgment heretofore rendered by the Supreme Court be set aside, and it is further ordered, adjudged and decreed, that the judgment of the Court below be affirmed, with costs.